## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, <br><br>         Plaintiff, <br><br>         v. <br><br> ABILITY RECOVERY SERVICES, LLC and ABILITY RECOVERY, LLC, <br><br>         Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, Jane Doe (hereinafter "Ms. Doe"), by and through her undersigned counsel, Justin Robinette, Esquire, hereby submits and files the following Complaint against Defendants, Ability Recovery Services, LLC, and Ability Recovery, LLC, averring in support thereof, as follows:

### I.     PARTIES:

1.     Plaintiff, Jane Doe (hereinafter "Plaintiff" or "Ms. Doe") is an adult individual and current resident of the Commonwealth of Pennsylvania, who currently resides at ███████████████████████████████████████████████.

Plaintiff's home address has been redacted consistent with Plaintiff's Motion to Proceed Anonymously and Brief in Support thereof submitted on this same date.

2.      Defendant, Ability Recovery Services, LLC, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 284 Main Street, Dupont, PA 18641.

3.      Defendant, Ability Recovery, LLC, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 284 Main Street, Dupont, PA 18641.

4.      At all times relevant hereto, Defendants employed Plaintiff. Defendants, at all times relevant hereto, constituted Plaintiff's employer.

### III.    JURISDICTION & VENUE:

5.      This Court has subject-matter jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. § 1331 because the claims present a Federal question.

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state-law claims as those claims arise out of the same set of operative facts as the Federal claims.

7.      This Court has personal jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

8.      Venue is proper under Title VII of the Civil Rights Act of 1964

("Title VII") pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful

employment practices are "alleged to have been committed" in this judicial district,

"the employment records relevant to such practice[s] are maintained and

administered" in this judicial district, and Plaintiff "would have worked" in this

judicial district "but for the alleged unlawful employment practice[s]."  42 U.S.C.

§ 2000e-5(f)(3).

9.      At all times relevant hereto, Defendants each employed fifteen (15) or

more persons for each working day in each of twenty (20) or more calendar weeks

in the current or preceding calendar year.

### III.       **EXHAUSTION OF ADMINISTRATIVE REMEDIES:**

10.      Plaintiff has exhausted all applicable administrative remedies and the

pertinent notice of right-to-sue in this matter is attached hereto as Exhibit "A."

Plaintiff's name and address are redacted consistent with Plaintiff's Motion to

Proceed Anonymously filed on this same date.

### IV.   **CLAIMS FOR RELIEF:**

**COUNT I:**
**HOSTILE WORK ENVIRONMENT BASED ON SEX IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42**
**U.S.C. § 2000*e*, et seq.**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and**
**Ability Recovery, LLC)**

11.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

12.    Plaintiff identifies as transgender.

13.    Plaintiff's preferred pronouns are "she," "her," "hers."

14.    Plaintiff began employment with Defendants as a Debt Collector in or around August 2023.

15.    Plaintiff's job duties consisted of calling customers of Defendants' clients for the purpose of collecting debts.

16.    Plaintiff was qualified for the position she held.  Plaintiff worked to the satisfaction of Defendants during her employment.

17.    Plaintiff's performance was commendable.  During Plaintiff's employment, Plaintiff had made a substantial recovery for Defendants.

18.    Defendant had notice or knowledge of Plaintiff's transgender status during her employment.  Plaintiff was asked to show her identification at the time of hire.  Plaintiff showed her I.D. which identified her sex assigned at birth. Plaintiff's gender identity is female.

19.    During Plaintiff's employment, she was subject to harassment and a hostile work environment on account of her sex, gender identity, and gender stereotyping.

20.     Co-employee, Debt Collector, Tara LNU, stated to Plaintiff, "What are you going to get done?", close in time to Plaintiff's date of hire, referring to gender affirming surgery/surgeries.

21.     Co-employee, Greg Masters, Debt Collector, stated in Plaintiff's presence, "I think some people here are using the wrong bathroom," or words to that effect, and then other employees started laughing.

22.     Co-employee, Lori LNU, Debt Collector, misgendered Plaintiff with, "Sir."  It is believed and therefore averred that Lori LNU intentionally misgendered Plaintiff.

23.     Co-employee, Debt Collector, Jennifer LNU, misgendered Plaintiff. Plaintiff was trying to reach another coworker in the office when Jennifer interjected, "He's trying to reach you."  Plaintiff's gender identity is female.  It is believed and therefore averred that Jennifer LNU intentionally misgendered Plaintiff.

24.     Debt Collector, Jennifer LNU, stated to Plaintiff, in or around December 2023, "You don't look like yourself," or words to that effect.

25.     Jennifer LNU also commented, "I don't want to accept my son because he wears women's clothes," or words to that effect.

26.     On or about September/October 2023, Mr. Mark Carson, supervisor/manager, stated, "That's a man pretending to be a woman," talking about a customer on the phone.

27.     Plaintiff reported the comments from Jennifer LNU, specifically, to supervisor/manager, Ms. Kim Rhodes.  Ms. Rhodes told Plaintiff, "You have to have thick skin," "Maybe you don't belong working here."

28.     Co-employee, Aubery LNU, stated, "I can't stand you," to Plaintiff, on or about April 11, 2024.

29.     Co-employee, Tara LNU, referred to Charging Party as a "man," stated that Charging Party smelled, when she did not, and stated, "I'm going by what's in the Bible," "I don't have to be nice to anybody," and, "If I want to say stuff to you I will," or words to that effect.

30.     Plaintiff was subject to a hostile work environment on account of sex.

31.     Defendants failed to provide prompt and appropriate action to prevent, correct, and remedy harassment because of sex.

32.     Plaintiff terminated her employment with Defendants on April 11, 2024.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back

and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT II:**
**CONSTRUCTIVE DISCHARGE/TERMINATION BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and Ability Recovery, LLC)**

33.　　All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

34.　　Plaintiff was constructively discharged from her employment with Defendants because of sex.

35.　　Co-employee, Debt Collector, Tara LNU, stated to Plaintiff, "What are you going to get done?", close in time to Plaintiff's date of hire, referring to gender affirming surgery/surgeries.

36.　　Co-employee, Greg Masters, Debt Collector, stated in Plaintiff's presence, "I think some people here are using the wrong bathroom," or words to that effect, and then other employees started laughing.

37.     Co-employee, Lori LNU, Debt Collector, misgendered Plaintiff with, "Sir."  It is believed and therefore averred that Lori LNU intentionally misgendered Plaintiff.

38.     Co-employee, Debt Collector, Jennifer LNU, misgendered Plaintiff. Plaintiff was trying to reach another coworker in the office when Jennifer interjected, "He's trying to reach you."  Plaintiff's gender identity is female.  It is believed and therefore averred that Jennifer LNU intentionally misgendered Plaintiff.

39.     Debt Collector, Jennifer LNU, stated to Plaintiff, in or around December 2023, "You don't look like yourself," or words to that effect.

40.     Jennifer LNU also commented, "I don't want to accept my son because he wears women's clothes," or words to that effect.

41.     On or about September/October 2023, Mr. Mark Carson, supervisor/manager, stated, "That's a man pretending to be a woman," talking about a customer on the phone.

42.     Plaintiff reported the comments from Jennifer LNU, specifically, to supervisor/manager, Ms. Kim Rhodes.  Ms. Rhodes told Plaintiff, "You have to have thick skin," "Maybe you don't belong working here."

43.     Co-employee, Aubery LNU, stated, "I can't stand you," to Plaintiff, on or about April 11, 2024.

44.    Co-employee, Tara LNU, referred to Charging Party as a "man," stated that Charging Party smelled, when she did not, and stated, "I'm going by what's in the Bible," "I don't have to be nice to anybody," and, "If I want to say stuff to you I will," or words to that effect.

45.    Plaintiff terminated her employment with Defendants on April 11, 2024.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT III:**
**HOSTILE WORK ENVIRONMENT BASED ON DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. § 12101, et seq.**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and Ability Recovery, LLC)**

46.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

47.     Plaintiff is a qualified individual with a disability.

48.     Plaintiff was perceived or regarded as disabled by Defendants.

49.     Defendants discriminated against Plaintiff based on Plaintiff's gender identity during Plaintiff's employment.

50.     Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

51.     More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***gender identity disorders not resulting from physical impairments***, [and] other sexual behavior disorders."  42 U.S.C. § 12211(b) (emphasis added).

52.     The "Gender Identity Disorder" ("GID") exclusion codified at 42 U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

53.     Plaintiff is a member of a protected class of people who are transgender.

54.     The GID exclusion fails strict scrutiny which is the standard of review applicable to people who are transgender.

55.     The GID exclusion fails heightened or intermediate scrutiny applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia, Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15, 2020) (holding that discrimination based on transgender status constitutes discrimination based on sex).

56.     The GID exclusion violates the "rational basis with bite" standard of review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans, 517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v. Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015) (applying the 'rational basis with bite' standard of review).

57.     The GID exclusion fails the rational basis standard of review.  There is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm a politically unpopular group cannot justify disparate treatment of that group."  Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

58.     The GID exclusion is unconstitutional on its face.

59.     The GID exclusion is unconstitutional as applied to the Plaintiff.

60.     The GID exclusion has created second-class citizens of people who are transgender and gender non-conforming.

61.     The GID exclusion deprives Plaintiff and other people who are transgender and gender non-conforming of dignity and due process.

62.     It is time for a judicial determination of whether the so-called Gender Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

### COUNT IV:
### FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. § 12101, <u>et seq.</u>
### (Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and <u>Ability Recovery, LLC)</u>

63.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

64.     Plaintiff is a qualified individual with a disability.

65.     Plaintiff was perceived or regarded as disabled by Defendants.

66.     Defendants' employees failed to accommodate Plaintiff's use of gender pronouns during Plaintiff's employment.

67.     Defendants' employees failed to accommodate Plaintiff by treating Plaintiff consistent with her gender identity.

68.     Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

69.     More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***gender identity disorders not resulting from physical impairments***, [and] other sexual behavior disorders."  42 U.S.C. § 12211(b) (emphasis added).

70.     The "Gender Identity Disorder" ("GID") exclusion codified at 42 U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

71.     Plaintiff is a member of a protected class of people who are transgender.

72.     The GID exclusion fails strict scrutiny which is the standard of review applicable to people who are transgender.

73.     The GID exclusion fails heightened or intermediate scrutiny applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia, Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15,

13

2020) (holding that discrimination based on transgender status constitutes

discrimination based on sex).

74.     The GID exclusion violates the "rational basis with bite" standard of

review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans,

517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v.

Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015)

(applying the 'rational basis with bite' standard of review).

75.     The GID exclusion fails the rational basis standard of review.  There

is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm

a politically unpopular group cannot justify disparate treatment of that

group."  Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

76.     The GID exclusion is unconstitutional on its face.

77.     The GID exclusion is unconstitutional as applied to the Plaintiff.

78.     The GID exclusion has created second-class citizens of people who

are transgender and gender non-conforming.

79.     The GID exclusion deprives Plaintiff and other people who are

transgender and gender non-conforming of dignity and due process.

80.     It is time for a judicial determination of whether the so-called Gender

Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT V:**
**CONSTRUCTIVE DISCHARGE/TERMINATION BASED ON DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. § 12101, <u>et seq.</u>**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and <u>Ability Recovery, LLC)</u>**

81.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

82.     Plaintiff is a qualified individual with a disability.

83.     Plaintiff was perceived or regarded as disabled by Defendants.

84.     Defendants constructively discharged Plaintiff from employment based on Plaintiff's gender identity during Plaintiff's employment.

85.     Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

86.     More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***gender identity disorders not resulting from physical impairments***, [and] other sexual behavior disorders."  42 U.S.C. § 12211(b) (emphasis added).

87.     The "Gender Identity Disorder" ("GID") exclusion codified at 42 U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

88.     Plaintiff is a member of a protected class of people who are transgender.

89.     The GID exclusion fails strict scrutiny which is the standard of review applicable to people who are transgender.

90.     The GID exclusion fails heightened or intermediate scrutiny applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia, Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15, 2020) (holding that discrimination based on transgender status constitutes discrimination based on sex).

91.     The GID exclusion violates the "rational basis with bite" standard of review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans,

517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v. Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015) (applying the 'rational basis with bite' standard of review).

92.     The GID exclusion fails the rational basis standard of review.  There is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm a politically unpopular group cannot justify disparate treatment of that group."  Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

93.     The GID exclusion is unconstitutional on its face.

94.     The GID exclusion is unconstitutional as applied to the Plaintiff.

95.     The GID exclusion has created second-class citizens of people who are transgender and gender non-conforming.

96.     The GID exclusion deprives Plaintiff and other people who are transgender and gender non-conforming of dignity and due process.

97.     It is time for a judicial determination of whether the so-called Gender Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and

emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT VI:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEX IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"),**
**43 P.S. §§ 951, et seq.**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and Ability Recovery, LLC)**

98.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

99.     Plaintiff was subject to a hostile work environment because of sex during her employment with Defendants in violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.

100.    Co-employee, Debt Collector, Tara LNU, stated to Plaintiff, "What are you going to get done?", close in time to Plaintiff's date of hire, referring to gender affirming surgery/surgeries.

101.    Co-employee, Greg Masters, Debt Collector, stated in Plaintiff's presence, "I think some people here are using the wrong bathroom," or words to that effect, and then other employees started laughing.

102.   Co-employee, Lori LNU, Debt Collector, misgendered Plaintiff with, "Sir."  It is believed and therefore averred that Lori LNU intentionally misgendered Plaintiff.

103.   Co-employee, Debt Collector, Jennifer LNU, misgendered Plaintiff. Plaintiff was trying to reach another coworker in the office when Jennifer interjected, "He's trying to reach you."  Plaintiff's gender identity is female.  It is believed and therefore averred that Jennifer LNU intentionally misgendered Plaintiff.

104.   Debt Collector, Jennifer LNU, stated to Plaintiff, in or around December 2023, "You don't look like yourself," or words to that effect.

105.   Jennifer LNU also commented, "I don't want to accept my son because he wears women's clothes," or words to that effect.

106.   On or about September/October 2023, Mr. Mark Carson, supervisor/manager, stated, "That's a man pretending to be a woman," talking about a customer on the phone.

107.   Plaintiff reported the comments from Jennifer LNU, specifically, to supervisor/manager, Ms. Kim Rhodes.  Ms. Rhodes told Plaintiff, "You have to have thick skin," "Maybe you don't belong working here."

108.   Co-employee, Aubery LNU, stated, "I can't stand you," to Plaintiff, on or about April 11, 2024.

109. Co-employee, Tara LNU, referred to Charging Party as a "man," stated that Charging Party smelled, when she did not, and stated, "I'm going by what's in the Bible," "I don't have to be nice to anybody," and, "If I want to say stuff to you I will," or words to that effect.

110. Plaintiff terminated her employment with Defendants on April 11, 2024.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT VII:**
**CONSTRUCTIVE DISCHARGE/TERMINATION BASED ON SEX IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"),**
**43 P.S. §§ 951, <u>et seq.</u>**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and <u>Ability Recovery, LLC)</u>**

111.   All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

112.   Plaintiff was constructively discharged from her employment with Defendants because of sex in violation of the PHRA.

113.   Co-employee, Debt Collector, Tara LNU, stated to Plaintiff, "What are you going to get done?", close in time to Plaintiff's date of hire, referring to gender affirming surgery/surgeries.

114.   Co-employee, Greg Masters, Debt Collector, stated in Plaintiff's presence, "I think some people here are using the wrong bathroom," or words to that effect, and then other employees started laughing.

115.   Co-employee, Lori LNU, Debt Collector, misgendered Plaintiff with, "Sir."  It is believed and therefore averred that Lori LNU intentionally misgendered Plaintiff.

116.   Co-employee, Debt Collector, Jennifer LNU, misgendered Plaintiff. Plaintiff was trying to reach another coworker in the office when Jennifer interjected, "He's trying to reach you."  Plaintiff's gender identity is female.  It is believed and therefore averred that Jennifer LNU intentionally misgendered Plaintiff.

117.   Debt Collector, Jennifer LNU, stated to Plaintiff, in or around December 2023, "You don't look like yourself," or words to that effect.

118.   Jennifer LNU also commented, "I don't want to accept my son because he wears women's clothes," or words to that effect.

119.   On or about September/October 2023, Mr. Mark Carson, supervisor/manager, stated, "That's a man pretending to be a woman," talking about a customer on the phone.

120.   Plaintiff reported the comments from Jennifer LNU, specifically, to supervisor/manager, Ms. Kim Rhodes.  Ms. Rhodes told Plaintiff, "You have to have thick skin," "Maybe you don't belong working here."

121.   Co-employee, Aubery LNU, stated, "I can't stand you," to Plaintiff, on or about April 11, 2024.

122.   Co-employee, Tara LNU, referred to Charging Party as a "man," stated that Charging Party smelled, when she did not, and stated, "I'm going by what's in the Bible," "I don't have to be nice to anybody," and, "If I want to say stuff to you I will," or words to that effect.

123.   Plaintiff terminated her employment with Defendants on April 11, 2024.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would

have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT VIII:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF THE**
**PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"),**
**43 P.S. §§ 951, <u>et seq.</u>**
**(Plaintiff, Jane Doe v. Defendants, Ability Recovery Services, LLC, and**
**<u>Ability Recovery, LLC</u>)**

124.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

125.    Plaintiff is a qualified individual with a disability.

126.    Plaintiff was perceived or regarded as disabled by Defendants.

127.    Defendants failed to accommodate Plaintiff's use of gender pronouns and preferred name during Plaintiff's employment.

128.    Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

129.    More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***gender identity disorders not resulting from***

23

***physical impairments***, [and] other sexual behavior disorders."  42 U.S.C. §

12211(b) (emphasis added).

130.    The "Gender Identity Disorder" ("GID") exclusion codified at 42

U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

131.    Plaintiff is a member of a protected class of people who are

transgender.

132.    The GID exclusion fails strict scrutiny which is the standard of review

applicable to people who are transgender.

133.    The GID exclusion fails heightened or intermediate scrutiny

applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia,

Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15,

2020) (holding that discrimination based on transgender status constitutes

discrimination based on sex).

134.    The GID exclusion violates the "rational basis with bite" standard of

review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans,

517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v.

Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015)

(applying the 'rational basis with bite' standard of review).

135.    The GID exclusion fails the rational basis standard of review.  There

is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm

a politically unpopular group cannot justify disparate treatment of that group." Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

136.  The GID exclusion is unconstitutional on its face.

137.  The GID exclusion is unconstitutional as applied to the Plaintiff.

138.  The GID exclusion has created second-class citizens of people who are transgender and gender non-conforming.

139.  The GID exclusion deprives Plaintiff and other people who are transgender and gender non-conforming of dignity and due process.

140.  It is time for a judicial determination of whether the so-called Gender Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED:  04/25/2024

BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
Giampolo Law Group
1221 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, in the above-named matter, do hereby certify that on this 25th day of APRIL, 2024, the foregoing Complaint was served via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

### *VIA PERSONAL SERVICE/HAND DELIVERY*

Ability Recovery Services, LLC
284 Main Street
Dupont, PA 18641

Respectfully submitted,

DATED:  04/25/2024

BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
Giampolo Law Group
1221 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*