IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br>    v.<br><br>ABILITY RECOVERY SERVICES, LLC, and ABILITY RECOVERY, LLC,<br><br>                Defendants. | CASE NO. 3:24-cv-00713-MEM |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, John Doe, hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and in support thereof, states as follows:

**I.**    **MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.**    **QUESTION PRESENTED:**

1. Whether Plaintiff should be permitted to proceed anonymously and redact her home address from the Complaint because she has articulated a legitimate fear of severe harm that is reasonable under existing Third Circuit precedent?

    Suggested Answer:  **YES.**

### III. STATEMENT OF FACTS:

Plaintiff alleges a hostile work environment and that she was constructively discharged from her employment with Defendants, Ability Recovery Services, LLC, and Ability Recovery, LLC, on account of her gender identity. See Plaintiff's Complaint, ECF No. 1, at para. 30-32. By way of brief background, Plaintiff worked as a Debt Collector for Defendants. See id. at para. 14. Plaintiff identifies as transgender with "she," "her," "hers," pronouns. See id. at para. 12-13.

During Plaintiff's employment, several of her co-employees subjected Plaintiff to a hostile work environment. More specifically, a debt collector stated to Plaintiff, "What are you going to get done?", referring to gender affirming surgery/surgeries. See id. at para. 20. Another employee stated in Plaintiff's presence, "I think some people here are using the wrong bathroom," and other employees started laughing. See id. at para. 21. Another employee misgendered Plaintiff with "Sir." See id. at para. 22. An employee misgendered Plaintiff with "he." See id. at para. 23. The Complaint alleges that "Plaintiff was trying to reach another coworker in the office when Jennifer [LNU] interjected, 'He's trying to reach you.'" See id. The latter employee also stated to Plaintiff, "You don't look like yourself," and "I don't want to accept my son because he wears women's clothes." See id. at para. 24-25.

Plaintiff reported the comments from the latter employee, specifically, to a supervisor/manager, Ms. Kim Rhodes, but Ms. Rhodes allegedly told Plaintiff, "You have to have thick skin," "Maybe you don't belong working here."  See id. at para. 27.  After Plaintiff reported the misconduct, the harassment continued.  For example, a coworker stated, "I can't stand you," to Plaintiff, on or about April 11, 2024.  See id. at para. 28.  Finally, the same coworker who asked Plaintiff about whether she had undergone gender affirming surgeries, on or about April 11, 2024, referred to Charging Party as a "man," stated that Charging Party smelled, when she did not, and stated, "I'm going by what's in the Bible," "I don't have to be nice to anybody," and, "If I want to say stuff to you I will."  See id. at para. 29. Plaintiff terminated her employment with Defendants on April 11, 2024, and brings claims of hostile work environment and constructive discharge.  See id. at para. 32.

Plaintiff respectfully requests that the Court permit her to adopt the name "Jane Doe," and to redact her home address in the instant litigation.  It is respectfully submitted that Plaintiff has set forth sufficient reasons in the instant Motion to support a legitimate fear of severe harm that is reasonable, and which warrants a conditional grant of anonymity in the instant litigation at this time.

For all of the reasons set forth more fully below, Plaintiff respectfully requests that this Court permit Plaintiff to adopt, "Jane Doe," in lieu of Plaintiff's

name in this litigation, and to permit her to redact her address from the Complaint, and any amendment thereto.

## IV. <u>LEGAL ARGUMENT:</u>

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there is a legitimate fear of social stigma resulting from disclosure of the party's sexual orientation or gender identity. <u>See</u> <u>Doe v. Megless</u>, 654 F.3d 404, 408-09 (3d Cir. 2011); <u>see also</u> <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In <u>Doe v. Megless</u>, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in <u>Doe v. Borough of Morrisville</u>, <u>supra.</u>, for its holding that cases involving a litigant's sexual orientation or gender identity were generally appropriate for pseudonyms. <u>Megless</u>, 654 F.3d at 408-09 (citing <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. at 614)).

The Third Circuit in <u>Doe v. Megless</u> explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." <u>Megless</u>, 654 F.3d at 408-09. Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" <u>Megless</u>, 654 F.3d 404, 408 (citing <u>Doe v. Kamehameha Sch./Bernice Pauahi</u>

Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in Megless adopted a "non-exhaustive" list of factors from Doe v. Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1) The extent the litigant's identity has been kept confidential;

(2) The basis on which disclosure is feared or avoided, and its substantiality;

(3) The magnitude of the public interest in maintaining the litigant's confidentiality;

(4) Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

(5) Whether the litigant has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1) Whether there is universal public interest in accessing the litigant's identity;

(2) Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3) Whether opposing counsel, the public, or the press is illegitimately motivated.

5

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. at 467).

### A. Plaintiff Has Articulated a Legitimate Fear of Severe Harm That Is Reasonable As Plaintiff Faces a Risk of Stigma, Violence, or Retribution Based on Her Gender Identity.

The Third Circuit explained in Doe v. Megless that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity. Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011).

Plaintiff notes that conditional grants of anonymity under analogous circumstances have been ordered in several transgender employment discrimination cases recently in this jurisdiction, including in Doe v. Pennsylvania Department of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019). In Doe v. Pennsylvania Department of Corrections, the Hon. Matthew W. Brann found for the transgender employee that the employee could pursue an employment discrimination case anonymously as, "John Doe." See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.). The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." Id. See also Doe v.

6

Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court permitted anonymity for an adult student alleging sexual-orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

Furthermore, in Doe v. Commonwealth of Pennsylvania, No. 19-2193, Dkt No. 5 (M.D. Pa. Jan. 14, 2020), the Honorable Sylvia H. Rambo reasoned that anonymity was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case." Id. at pp. 2-3. While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person." Id. at p. 3.

In another recent case, out of the Eastern District of Pennsylvania, involving a lesbian employee who pled in the complaint that she had a "masculine gender

expression," the Honorable Joel H. Slomsky held that the plaintiff could pursue her employment discrimination case under "Michelle 'Doe'," due to the plaintiff's fear of potential retribution, even though the plaintiff acknowledged in that case that she was openly gay. See Doe v. Parx Casino, No. 18-5289, at p. 2 (E.D. Pa. Jan. 2, 2019). Although the defendant-employer in Doe v. Parx Casino did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint. See id. at p. 3.

 Even though Judge Slomsky held therefore that the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint, the court instead relied on the fact that the plaintiff in Doe v. Parx Casino alleged that the plaintiff "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." See id. at p. 2. The court in Doe v. Parx Casino considered the Megless list of factors to be a "non-exhaustive list," and therefore "not comprehensive." See id. at pp. 2-3. Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive Megless factors, and it is not the only factor.

Judge Slomsky ruled in Doe v. Parx Casino that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that [not] proceeding anonymously will result in further threats, violence, and retribution." See id. at p. 3. This analysis was conducted independently of the question of confidentiality, which the plaintiff in Doe v. Parx Casino could not satisfy according to the court because the plaintiff admitted she was being discriminated against because she was openly lesbian in that case. See also Doe v. The Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018); Doe v. Triangle Doughnuts, LLC, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020); Doe v. Genesis Healthcare, No. 21-551 (E.D. Pa. Apr. 23, 2021); Doe v. Dallas, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3); Doe v. Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8).

In the instant case, Plaintiff's request comports with other courts' grants of anonymity to transgender litigants in this jurisdiction as well as in the Eastern District of Pennsylvania. Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant Motion unless

circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution for bringing the instant case.

Plaintiff respectfully requests that this Honorable Court permit her to adopt the name, "Jane Doe," in this litigation. Plaintiff requests that this Court permit Plaintiff to redact her home address from the Complaint and any amendment thereto. Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

### B. The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to Megless, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ." Megless, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity. Id.

Generally speaking, as stated above, people who are LGBTQ+ are recognized as having a strong interest in keeping their identity confidential in civil litigation. See Doe v. Pa. Dep't of Corrections, supra, 2019 WL 5683437, at *2; see also Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

10

Consideration of the public interest here also weighs in favor of Plaintiff and against Defendants.  In the instant case, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing Plaintiff's identity.  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  This consideration was also recently recognized by Judge Beetlestone in Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4 (E.D. Pa. 2018), an employment discrimination case brought by a transgender employee, where Judge Beetlestone reasoned that the public interest weighed in favor of the plaintiff in that case because the plaintiff was a "certified nursing assistant, not a public figure."  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018).  Similarly, in the instant case, this is an employment discrimination case that concerns an employee who worked for a debt collection agency who alleges discrimination based on her gender identity.  See Pltf.'s Compl., ECF No. 1, para. 14-15.  Plaintiff does not constitute a public figure.  This factor therefore weighs in favor of granting Plaintiff's anonymity request.

Further, as recently recognized by the Middle District of Pennsylvania in two (2) recent decisions, while there may be an interest in general in the development of the law surrounding, as Judge Brann recognized, "transgender issues" or "transgender litigation," see Doe v. Pennsylvania Department of

11

Corrections, supra, 2019 WL 5683437, at *2, there is, according to Judge Rambo, very little public interest in knowing the specific identity of any particular LGBTQ+ litigant.  See Doe v. Commonwealth, supra, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding an intimate matter like a person's gender identity.  Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not face severe harm, and so that Plaintiff is not outed beyond an extent to which she is comfortable.  If the instant Motion were denied, Plaintiff and potential future litigants would be faced with the choice of proceeding with the case or having to drop the lawsuit to avoid revealing their identities.  Plaintiff respectfully submits justice would not be served in such an instance.

For this additional reason, Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request.  Plaintiff respectfully requests that the instant Motion be granted.

**C.  Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.**

Plaintiff only seeks to keep a limited amount of information confidential.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's

identity." See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997). A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, Doe v. Gardens for Memory Care at Easton. See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, like Doe v. Gardens for Memory Care at Easton, Plaintiff is agreeable to conducting depositions and trial with her preferred name being used. Plaintiff is also not requesting that this case or any document be sealed at this time. Plaintiff is respectfully moving the Court for permission to proceed with the designation, "Jane Doe," and to redact her home address from the pleadings. Plaintiff therefore only seeks to keep a limited amount of information confidential. The public can know about the facts and development of this case from the docket activity. Plaintiff respectfully requests that she be permitted to keep her name and home address private in court filings and that the instant Motion be granted.

## V.    CONCLUSION:

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit

Plaintiff to use the name, "Jane Doe"; and permit Plaintiff to redact her home address from the Complaint, and any amendment thereto.

Respectfully submitted,

DATED: 04/25/2024

BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
Giampolo Law Group
1221 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF NON-CONCURRENCE**

Undersigned counsel sent the instant Motion to Proceed Anonymously to Ability Recovery Services, LLC, via personal service/hand delivery by a process server, to 284 Main Street Dupont, PA 18641, on April 22, 2024. Undersigned counsel did not receive a response regarding the Motion.

Respectfully submitted,

DATED: 04/25/2024

BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
Giampolo Law Group
1221 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this <u>25th</u> day of <u>APRIL</u>, <u>2024</u>, the foregoing Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof and accompanying exhibits, were filed using the Court's electronic filing system, and sent via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

### *VIA REGULAR MAIL*

Ability Recovery Services, LLC
284 Main Street
Dupont, PA 18641

Respectfully submitted,

DATED: <u>04/25/2024</u>

BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
Giampolo Law Group
1221 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*